```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

HUNTER KEITH KOEHLER,

     Plaintiff,

v.                         Case No: 2:22-cv-210-JES-KCD

KILOLO KIJAKAZI, acting Commissioner of Social Security,

     Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on consideration of a Report and Recommendation (Doc. #20), filed on November 10, 2022, recommending that the Decision of the Commissioner be affirmed. Plaintiff filed Objections (Doc. #21) on November 22, 2022, and defendant filed a Response to Plaintiff's Objections (Doc. #22) on November 29, 2022. Plaintiff filed a Reply (Doc. #24) on December 13, 2022. For the reasons set forth below, the Objections are overruled, and the Decision of the Commissioner is affirmed.

**I.**

Plaintiff Hunter Keith Koehler (plaintiff or Koehler) objects to the resolution of two of the three issues addressed in the Report and Recommendation. Generally, a district court must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. See 28 U.S.C. § 636(b)(1)(C). "But where a litigant fails to offer

specific objections to a magistrate judge's factual findings, there is no requirement for the district court to conduct a *de novo* review of those findings." McCullars v. Comm'r, Soc. Sec. Admin., 825 F. App'x 685, 694 (11th Cir. 2020) (citing Garvey v. Vaughn, 993 F.2d 776, 779 & n.9 (11th Cir. 1993)). Nonetheless, a district court has the discretion to consider an argument not presented to a magistrate judge, Stephens v. Tolbert, 471 F.3d 1173, 1175-77 (11th Cir. 2006), and to decline to consider an argument not presented to a magistrate judge, Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1060 (11th Cir. 2021); Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1320 (11th Cir. 2021). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Buckwalter, 5 F.4th at 1320; Crawford, 363 F.3d at 1158-59. The Court does not decide

facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1104 (11th Cir. 2021); Buckwalter, 5 F.4th at 1320.  The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Pupo, 17 F.4th at 1060.

**II.**

Following the familiar five-step process applicable to both applications for disability insurance benefits[1] and supplemental security income,[2] the Administrative Law Judge (ALJ) found:

Step One:  Plaintiff had not engaged in substantial gainful activity since June 1, 2018.

Step Two:  Plaintiff had the following severe impairments: a learning disability, attention deficit hyperactivity disorder, dyslexia, borderline intellectual functioning, scoliosis, and abdominal trauma.

Step Three: Plaintiff's impairments or combination of impairments did not meet or equal the medical severity criteria establishing disability.

Step Four:  Plaintiff had the residual functional capacity (RFC) to perform light work, with the following limitations:

---

[1] Buckwalter, 5 F.4th at 1320.
[2] Pupo, 17 F.4th at 1057.

- plaintiff is able to understand, remember, and carry out simple, but limited to one or two step, instructions or tasks.
- plaintiff is able to make judgments on work-related decisions with simple but limited to one to two step instructions or tasks, in such work environment.
- plaintiff is able to respond and adapt to routine work situations and to occasional changes in a work setting without special supervision with simple but limited to one to two step instructions or tasks.
- plaintiff is able to interact appropriately with others in a work environment throughout a standard workday without distracting them or exhibiting behavioral extremes so long as there is no more than brief and superficial interaction with the public, and no more than occasional interaction with supervisors and coworkers.
- plaintiff is able to interact sufficiently to receive daily task assignments and respond to brief status updates.
- plaintiff is limited to jobs with a general educational development (GED) reasoning level not exceeding 1, a

    language level not exceeding 1, and math level not exceeding 1.

Based on this RFC, the ALJ found plaintiff was unable to perform his past relevant work.

  Step Five:  Relying in part on the testimony of a vocational expert, the ALJ found Plaintiff had the RFC to perform three unskilled jobs that existed in significant numbers in the national economy:  housekeeper, garment folder, and basket filler. Therefore, the ALJ found plaintiff was not disabled.  (Doc. #13-2, Tr. 14-27.)

### III.

  Plaintiff's Objections (Doc. #21) raise two issues: (1) whether the ALJ properly assessed the "supportability" of the opinions of two psychologists (Barbara Drill and Christine Needham); and (2) whether the ALJ erred at Step Five by citing jobs that do not comply with plaintiff's RFC.  The Commissioner responds that (1) plaintiff has waived his right to review of either issue by a district judge because he did not properly raise the issues to the magistrate judge or file proper objections, and (2) neither issue is meritorious.

  **A. Psychologists Barbara Drill and Christine Needham**

  Psychologists Barbara Drill and Christine Needham opined that plaintiff would struggle at any formal job requiring supervision and instructions; plaintiff had a very poor prognosis in a

competitive employment setting; and he had extreme, constant, marked, and moderate difficulties in various areas related to understanding and memory, sustained concentration and persistence, social interaction, and adaption. The ALJ found these opinions were not persuasive. Plaintiff asserts that the ALJ failed to properly follow the SSA's regulations concerning proper consideration of medical opinions, and therefore the decision is not supported by substantial evidence.

For claims filed after March 27, 2017, an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). See Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892 (11th Cir. 2022). Instead, under the revised rule an ALJ considers five factors, "as appropriate," to determine the persuasiveness of a medical opinion: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). The first two factors are the most important. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2). The ALJ's decision will articulate the persuasiveness of the medical opinion and will explain how the factors of supportability and

consistency were considered. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2). Thus, supportability addresses the extent to which a medical source has articulated record medical evidence and explanation bolstering the opinion, while consistency concerns the degree to which a medical source's opinion conforms to other medical or nonmedical evidence in the record. Barber v. Comm'r of Soc. Sec., 2021 WL 3857562, at *3 (M.D. Fla. Aug. 30, 2021) (citation omitted); Szoke v. Kijakazi, 8:21-CV-502-CPT, 2022 WL 17249443, at *3 (M.D. Fla. Nov. 28, 2022).[3]

---

[3] One of the effects of the revised rules is that the decisions of the Eleventh Circuit under the former rule have been abrogated.

The ALJ correctly stated that he could not defer or give "any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources." (Doc. #13-2 at 23.) The ALJ then identified the medical opinion sources and stated whether the medical opinion was found persuasive. Specifically:

- The ALJ was not persuaded by state agency consultants who found insufficient evidence to evaluate Koehler. (Id. at 23.)

- The ALJ was not persuaded by the state agency psychiatric consultants who found Koehler to have mostly mild or less limitations in the four areas of broad mental functioning. (Id.)

- The ALJ was persuaded by the state agency psychological consultative examiner who found that plaintiff possessed the requisite skills and cognitive capacity to manage finances independently and to solve a simple math problem. (Id. at 24.)

- The ALJ was not persuaded by the state agency medical consultants who found Koehler to have no exertional limitations or the opinion of Dr. Morris who found

---

Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 898 (11th Cir. 2022).

Koehler capable of activities consistent with a medium exertional level. (Id.)

- The ALJ was not persuaded by the mental residual functional capacity assessments by Barbara Drill and/or Christine Needham. (Id.) The ALJ stated at to these assessments:

These opinions are not persuasive for several reasons. First, the undersigned notes that the extreme limitations contained in these opinions are inconsistent with claimant's history which reflects him engaging in significant work activity in 2015 and 2016 and his education records that reflect him graduating high school (6D; 10F/3). Second, these opinions are inconsistent with the claimant's psychological consultative examination which found the claimant to have a cooperative attitude, thought process and content within normal limits, immediate and recent memory within normal limits, and adequate insight and judgment for purposes of the evaluation (11F/4). Additionally, when the claimant was seen by Dr. Morris for a consultative examination no cognitive deficits were noted (9F). Third, part of the recommendations in the psychological re-evaluation were based upon subjective factors. Specifically, the examiner opined that with this ADHD and his, "own preferences", the claimant would likely not be successful in any job setting that required he work indoors, on a time-table, or in a structured setting, etc. (14F/12). Moreover, the record does not reflect the claimant requiring any recent treatment for his mental health conditions. The diagnosis of Oppositional Defiant Disorder is not supported by the claimant's treatment history. Lastly, the claimant's reported activities of daily living show he is not as limited as alleged. The claimant has reported driving daily, spending 60-90 minutes daily on

> the internet, looking for work, preparing simple meals, dressing and bathing without assistance, doing laundry, washing dishes, taking out the trash, and spending eight hours weekly working on four wheelers, car engines, or his grandparents' boat (11F/4).

(Doc. #13-2, Tr. 24-25.)

Plaintiff argues that the ALJ did not properly consider the "supportability" component of the required assessment of the medical opinions offered by psychologists Drill and Needham. Plaintiff argues that, with one exception, the ALJ did not cite medical evidence and explanations presented by Drill and Needham, but rather compared their opinions with other parts of the record, including plaintiff's work history, education records, psychological consultive examination, physical consultative examination, and the lack of recent mental health treatment. (Doc. #21, pp. 2-3.) Plaintiff argues that none of this is relevant to supportability, only to consistency. (Id.) Plaintiff asserts that the ALJ's one reference to evidence and explanations presented by Drill and Needham "does not constitute an explanation of how the ALJ considered the supportability factor since he did not mention any of the objective evidence of assessment procedures the psychologist used." (Id. at 3.) Plaintiff further argues that the assessment of Dr. Drill and Needham should have referenced, "at least in general terms, the extensive testing and other materials the psychologists cited in support of their opinions."

(Id. at 4.)  Plaintiff concludes that failing to explain and assess how he considered the supportability factor violated the SSA regulations and resulted in a decision unsupported by substantial evidence.  (Id. at 5.)

### (1)  Waiver of Argument

The Commissioner argues that plaintiff did not raise the supportability issue as a defect in the ALJ's analysis to the magistrate judge, so the district court should decline to address the argument.  (Doc. #22, p. 3.)  The Commissioner also argues that arguments which are merely an attempt to reframe the arguments presented to the magistrate judge are not proper objections and do not require discussion.  (Id. at 5.)

Within a certain time period "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Crim. P. 59(b)(2).  Generally, a district court must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. See 28 U.S.C. § 636(b)(1). An objection must specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with.").  Where a litigant fails

to offer specific objections to a magistrate judge's factual findings, there is no requirement for the district court to conduct a *de novo* review of those findings. Garvey v. Vaughn, 993 F.2d 776, 779 & n.9 (11th Cir. 1993). Additionally, "[f]rivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citing Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982)). See also McCullars v. Comm'r, Soc. Sec. Admin., 825 F. App'x 685, 694 (11th Cir. 2020); Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th Cir. 2016). As discussed above, a district court has the discretion to consider an issue or decline to consider an issue. Stephens, 471 F.3d at 1175-77; Williams, 557 F.3d at 1292.

In his memorandum to the magistrate judge, plaintiff did raise the issue that the ALJ erred in finding that the opinions of these two psychologists were "not persuasive." (Doc. #17, p. 21.) The stated bases for this error included that the opinions were "well supported and consistent with other reports." (Id.). The discussion which followed (id. at 21-27) did not mention the "supportability" prong of the revised rules, and indeed, did not cite a single case which had applied the revised rules. Nonetheless, the Court finds that the issue as currently focused was at least minimally raised before the magistrate judge, and in

the exercise of its discretion the Court will consider the merits of this objection.

The Court also rejects the Commissioner's argument that simply reframing an argument presented to the magistrate judge is not a true "objection" and therefore need not be discussed. While objections must be specific, and not frivolous, conclusory, or general, there is no prohibition against simply repeating or "reframing" the arguments presented to the magistrate judge in the hopes that the district judge sees the wisdom of the argument.

**(2) Compliance with Medical Opinion Regulations**

The regulations do not require an exhaustive discussion of the evidence when evaluating the consistency and supportability of an opinion. See 20 C.F.R. § 416.920c(b)(2). It has long been the rule that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision … is not a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). While supportability is an important factor, it is not a dispositive one. Contrary to plaintiff's argument, the ALJ did discuss the objective evidence considered by the psychologists, and in great detail. (Tr. 22-23.) Additionally, while plaintiff argues that the ALJ cannot rely upon his daily activities to find the medical opinions

unpersuasive, daily activities may be considered in the proper circumstances. Buckwalter, 5 F.4th at 1325. Here, the ALJ properly considered the impact of daily activities as they affected the persuasiveness of the psychologists' opinions. The ALJ's analysis of these medical opinions was consistent with the revised regulations and was supported by substantial evidence. Plaintiff's objection is overruled.

**B. Step Five Jobs**

A vocational expert testified that plaintiff would be able to work as a housekeeper (light, with an SVP of 2), garment folder (light, SVP 2), and basket filler (light, SVP 1). The ALJ found the testimony was consistent with the Dictionary of Occupational Titles, the vocational expert was specifically asked about mental limitations, social interactions, or general education assessments, and the expert noted no conflict. (Doc. #13-2, Tr. 26.)

Plaintiff argues that the three jobs cited by the ALJ at Step 5 require exertional capabilities in excess of plaintiff's RFC. In support of this argument, plaintiff cites the U.S. Bureau of Labor Statistic's Occupational Requirements Survey (ORS).[4] The OSR

---

[4] The ORS is prepared by the Bureau of Labor Statistics and "provides job-related information regarding physical demands; environmental conditions; education, training, and experience; as well as cognitive and mental requirements for jobs in the U.S. economy." See U.S. Bureau of Labor Statistics, Occupational Requirements Survey, https://www.bls.gov/ors/.

notes that 57.4% of housekeeper jobs require medium strength; 76.5% of helpers such as garment folder and basket fillers require medium strength, and 79.4% of maids and housekeeping cleaners require interaction with the general public. (Doc. #21, pp. 6-7.) Plaintiff also submits an exhibit from the DOT indicating that housekeepers provide personal assistance to patrons. (Id. at 7.) Plaintiff concludes that by failing to address ORS and DOT data, the ALJ issued a decision unsupported by substantial evidence. (Id.)

### (1) Lack of "True" Objection

The government argues that plaintiff has simply "repackage[d]" his arguments and they are not true objections and require no discussion. (Doc. #22, p. 8.) As with the first issue, the Court finds nothing wrong with "repackaged" arguments aimed at attempting to convince a reviewing court of the error of the determination by a magistrate judge. Such an argument is an objection which must be discussed by the district court. This is particularly so here, where the Commissioner argues the magistrate judgment made a factual error in his recommended resolution of this issue. See Doc. #22, p. 9 n.2. Therefore, the Court rejects the Commissioner's position that no discussion of the issue is required.

### (2) Merits of Objection

As the magistrate judge correctly stated, the ORS data was not presented to the ALJ. As the Commissioner notes, however, the

magistrate judge erred when he concluded that the ORS data had been presented to the Appeals Council. The record reflects that it was Occupational Employment Survey (OES) data that had been presented to the Appeals Council, not ORS data. Thus, the first time the ORS data was presented in the claim was when it was filed with the district court.

The Commissioner argues that she cannot be faulted for failing to consider evidence that was not presented to the ALJ or the Appeals Council. The Court agrees. The ORS data cannot serve as a basis for error because plaintiff did not confront the VE with this ORS data during the hearing, or otherwise present it to the ALJ, or present it to the Appeals Council. There was no error by the ALJ or the Commissioner, and no basis for a remand. <u>Walker v. Comm'r, Soc. Sec. Admin.</u>, 835 F. App'x 538, 543-44 (11th Cir. 2020).

After an independent review, with the exception noted above, the Court agrees with the findings in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objections (Doc. #21) are **OVERRULED**. The Report and Recommendation (Doc. #20) is **accepted and adopted** by the Court, as supplemented by this Opinion and Order.

2.   The Decision of the Commissioner of Social Security is **affirmed.**

3.   The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of January 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Kyle C. Dudek
U.S. Magistrate Judge

Counsel of Record